L. C. THOMPSON v. INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY, GARNISHEE, ET AL.

Decided February 13, 1907.

**1.—Insolvent Debtor—Purchase of Homestead.**

S., an insolvent debtor, recovered a judgment for $3,000 against a railroad company; on the same day the judgment was rendered he transferred his entire interest in the judgment to his attorney in the railroad case; this was done upon the suggestion of said attorney and for the avowed purpose of preventing any of the other creditors of S. from getting the money; S. was indebted to the attorney in the sum of $1,800 for attorney's fee and advances, and the remaining $1,200 was for the purchase money of a home conveyed to S. by his said attorney on the same day.    Held, the transaction was valid as against a garnishing creditor of S.

**2.—Same.**

A disposition of property subject to execution by a debtor for the purpose of acquiring a homestead is not a fraud upon creditors.

Appeal from the County Court of Bexar County.    Tried below before Hon. Robt. B. Green.

*John H. Clark,* for appellant.—When an insolvent debtor conveys his property with intent to defraud his creditors, the purchaser knowing such intent, the sale is void as to the creditors, although the purchaser pay a full consideration therefor.   Rev. Stat., art. 254; Edrington v. Rogers, 15 Texas, 188; Traylor v. Townsend, 61 Texas, 144; Seligson v. Brown, 61 Texas, 180; Blum v. Simpson, 66 Texas, 84.

While a creditor acting in good faith, knowing the intent of his insolvent debtor to prefer him to other creditors, may take sufficient property to pay alone his own debt, still if he has any other purpose in view than the collection of his debt or is actuated in taking said transfer to in any way benefit the debtor or to injure other creditors, the transfer is void.   Humphries v. Freeman, 22 Texas, 45; Mixon v. Symonds, 2 Texas Civ. App., 630; Oppenheimer v. Halff, 68 Texas, 409; Elser v. Graber, 69 Texas, 222; Traders Bank v. Day, 7 Texas Civ. App., 572; Ewing v. Teague, 29 S. W. Rep., 401; 20 Cyc., pp. 472-479 and notes; ib. pp. 826, 827; ib. pp. 835, 836.

When Swearingen, knowing that Spangler was insolvent, suggested to him that he convey his whole judgment worth $3,000 to Swearingen, taking as part payment the debt of the said Swearingen and the debt of Jones and that Swearingen pay him the difference by deeding him a house and lot which was to be claimed by Spangler as a homestead, in order to keep other creditors from subjecting the said judgment or a portion of it, to the payment of their claims, and the said Spangler having acted on said suggestion conveying said judgment, being all the property he had, with the intent to defraud his other creditors, taking such consideration in payment and claiming said house and lot as exempt property, then Swearingen became and was an active participant in a positive fraud, and said conveyance was void as to Thompson and all other creditors.   Humphries v. Freeman, 22 Texas, 45-49; Sweeney v. Conley, 71 Texas, 543-545; 20 Cyc., pp. 772-779 and note 48; Carson v. Hawley, 84 N. W. Rep., 746.

*P. H. Swearingen* and *Earl D. Scott,* for intervener.—A creditor may receive from his insolvent debtor payment of an honest debt, though he may know at the time that the debtor's intent in making the payment is, and the necessary effect of his act will be, to place the property beyond the reach of other creditors; for the intent to hinder, delay or defraud creditors can not exist where the purpose is to appropriate the property, or the proceeds of its fair value, to the payment of one or more just debts.   Art. 2544, Revised Statutes of Texas; Lewy v. Fischl, 65 Texas, 311; Iglehart v. Willis, 58 Texas, 306; Ellis v. Valentine, 65 Texas, 532; Rider v. Hunt, 25 S. W. Rep., 314; Sweeney v. Conley, 71 Texas, 543; Willis v. Whitsitt, 67 Texas, 673; Greenleve v. Blum, 59 Texas, 124; Schneider v. Sansom, 62 Texas, 201; Blum v. Welborne, 58 Texas, 157; Keating v. Vaughan, 61 Texas, 518; Lambeth v. McClinton, 65 Texas, 108; Allen v. Carpenter, 66 Texas, 138; Smith v. Whitfield, 67 Texas, 124; Thompson v. Hervey, 2 App. C. C., 506; LaBelle v. Tidball, 69 Texas, 161; Elser v. Graber, 69 Texas, 222; 20 Cyc., pp. 497, 498, 499.

It is not fraudulent, as against creditors, for a debtor, although insolvent, to use any portion or all of his nonexempt property in purchasing or creating a homestead, which will be beyond their reach, and the

purchase price for such homestead can not be followed into the hands of the vendor by creditors and subjected to the payment of their debts. Constitution of Texas, sec. 50; Rev. Stats., arts. 2378, 2395, 2396, 2544; Finn v. Krut, 13 Texas Civ. App., 36; Wallis, Landes & Co. v. Wendler, 3 Texas Ct. Rep., 277; North v. Shearn, 15 Texas, 175; Swayne v. Chase, 30 S. W. Rep., 1049; Chase v. Swayne, 88 Texas, 222; Bell v. Beazley, 45 S. W. Rep., 401; Lewis v. Goldthwaite Nat. Bank, 10 Texas Ct. Rep., 629; Kelly v. Sparks, 54 Fed. Rep., 70; Humboldt First Nat. Bk. v. Glass, 79 Fed. Rep., 706; Backer v. Meyer, 43 Fed. Rep., 702; Jacoby v. Parkland Dist. Co., 41 Minn., 227, 43 N. W. Rep., 52; Reeves v. Peterman, 109 Ala., 366, 19 So. Rep., 512; Kelley v. Connell, 110 Ala., 543, 18 So. Rep., 9; Meigs v. Dibble, 73 Mich., 101, 40 N. W. Rep., 935; Mull v. Jones, 33 Kans., 112, 5 Pac. Rep., 388; Allen v. Perry, 59 Wis., 178, 14 N. W. Rep., 3; Edmondson v. Meacham, 50 Miss., 34; Paxton v. Sutton, 53 Neb., 8, 58 Am. St. Rep., 589; Pulte v. Geller, 47 Mich., 560, 11 N. W. Rep., 385; Brinson v. Edwards, 94 Ala., 447, 10 So. Rep., 219; Kapernick v. Louk, 90 Wis., 232, 62 N. W. Rep., 1057; 15 Am. & Eng. Enc. of Law, p. 617; 20 Cyc., 387; 24 Cent. Dig., p. 82, par. 54.

JAMES, ASSOCIATE JUSTICE.—Appellant, a creditor of Spangler, garnisheed the railroad company, which answered that it was not indebted to Spangler. The answer was controverted. The railroad company answered further admitting that Spangler had recovered a judgment of $3,000 against it, claiming that the judgment had been transferred by Spangler to P. H. Swearingen, who became an intervener, claiming to be the owner of the judgment. Appellant claimed the transfer to be fraudulent.

The findings of the court establish that Thompson was a judgment creditor of Spangler; that on December 15, 1905, while Thompson was such creditor, Spangler recovered the judgment for $3,000. That said Swearingen and Nat B. Jones were his attorneys in his cause against the railroad company, and in September, 1904, Spangler, to cover their fees, assigned to Swearingen a one-half interest in the cause of action. That Spangler became indebted to Swearingen for advances in a sum from $1,200 to $1,500. That Spangler has been insolvent since his injury, and on December 15, 1905, the only property he had that was subject to his debts was his interest in said judgment. Such insolvency and such condition was known to Swearingen and he knew that Spangler's interest in the judgment was all the property he had not exempt. Swearingen on said date and long prior thereto knew of the debt to Thompson.

On the date of said judgment for $3,000 and before the parties left the court room Spangler assigned in writing to Swearingen all his interest in the judgment, and Swearingen executed and delivered to him a warranty deed for a house and lot in San Antonio reasonably worth $1,200 reciting that consideration. At that time Spangler was the head of a family, had no homestead, and on and since said date has claimed the said house and lot as his homestead. At the time of the compromise agreement which resulted in the judgment it was agreed between Spangler and his attorneys that they would reduce their fees, and the con-

sideration to Spangler for the judgment was $1,200 for the homestead place, and the balance $1,800 for the fees and advancements.

The court further found as a fact that at said time Spangler intended to place said judgment, which was all he had subject to his debts, in a homestead to the extent of $1,200, the balance to pay his attorney's fees and the advancements, and to place the same beyond the reach of his other creditors. That Swearingen then knew of Spangler's intent to place his property beyond the reach of his creditors; that the idea of exchanging $1,200 of the judgment for a homestead and thus placing it beyond the reach of Spangler's creditors was originated and suggested by Swearingen, he knowing of the former's insolvency and that the judgment would probably be subjected to his debts, and desiring to assist his client and give him a homestead and to collect the fees and advances, took the transfer of the judgment to himself and executed the deed to the house and lot intending that Spangler should claim it as his homestead. That the writ of garnishment was served after the assignment of the judgment and execution of the deed, but before the railroad company had paid any part of the judgment, and $1,000 thereof is still unpaid.

The above were the uncontradicted facts. Upon them judgment was rendered that Thompson take nothing by his garnishment; that Swearingen recover of the railway company $1,000, etc.

Appellant attacks the judge's conclusions of law by assignments under which occur the following propositions:

1. When an insolvent debtor conveys his property, with intent to defraud his creditors, the purchaser knowing such intent, the sale is void as to the creditors, although the purchaser pays full consideration therefor.

2. While a creditor acting in good faith knowing the intent of his insolvent debtor to prefer him to other creditors may take sufficient property to pay alone his own debt, still if he has any other purpose in view than the collection of his debt or is actuated in taking the transfer to in any way benefit the debtor or to injure other creditors, the transfer is void.

3. When Swearingen, knowing that Spangler was insolvent, suggested to him that he convey his whole judgment worth $3,000 to Swearingen, taking as part payment the debt of the said Swearingen & Jones, and that Swearingen pay him the difference by deeding him a house and lot which was to be claimed by Spangler as a homestead in order to keep other creditors from subjecting the said judgment, or a portion of it, to the payment of their claims, and the said Spangler having acted on said suggestion conveying said judgment, it being all the property he had, with intent to defraud his other creditors, taking such consideration in payment and claiming said house and lot as exempt property, then Swearingen became and was an active participant in a positive fraud and said conveyance was void as to Thompson and all other creditors.

There is no doubt that the first two propositions are principles of law and applicable in a proper state of case.

It has never been held that a disposition of property which an insolvent debtor has a legal right to make as against his creditors is fraudulent. As stated in Sanger Bros. v. Colbert, 84 Texas, 673: "There can

not be a fraudulent purchaser without a fraudulent vendor." It can not be questioned, and is not, that it was legitimate for Spangler to transfer so much of the judgment as was reasonably necessary to pay his debt to his attorneys. The fraudulent feature of the transaction is claimed to exist in respect to the house and lot consideration in the transfer of the judgment, particularly in view of the acts of the vendee, Swearingen, in suggesting and bringing it about.

In Finn v. Krut, 13 Texas Civ. App., 45, a case in which the Supreme Court refused a writ of error, it was held: "A disposition of property subject to execution for the purpose of procuring a homestead would not be deemed a fraud upon creditors. The head of a family has the right to invest his property in a homestead, and creditors without lien can not complain that in doing so he uses property that could be levied on for debt, even though he is in failing circumstances." Citing Chase v. Swayne, 88 Texas, 218.

It is evident that Spangler had the right to invest all of the $3,000 judgment in a homestead if he had desired, and that plaintiff and other simple creditors could not complain of the transaction as being a fraud upon them. It was clearly no fraud upon them for him to apply it to the extent of $1,800 to pay $1,800 of his debts, and to invest the balance of it in a homestead of the reasonable value of $1,200.

This being so, the manner in which he came to adopt that course, or by whom it was suggested or persuaded, or that its effect was to defeat other such creditors, or that its purpose was to defeat the other creditors, are matters wholly immaterial. There was nothing tending to show that the conveyance of the house and lot was in any sense a simulated transaction, and the findings exclude such fact.

*Affirmed.*